**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STEVEN ABELMAN** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **MAB 8:13-00669** |
| | * | |
| **WELLS FARGO BANK, N.A.** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Defendant Wells Fargo Bank, N.A. now moves to dismiss Plaintiff Steven Abelman's complaint for breach of contract and violation of the Maryland Wage Payment and Collection Law ("MWPCL"). Md. Code Ann., Lab. & Empl. § 3-505, *et. seq.* The parties have fully briefed the issues, and the court now rules without a hearing pursuant to Local Rule 105.6. For the reasons that follow, the court **DENIES** Defendant's motion.

I.      **Background & Procedural History**

Wells Fargo Bank, N.A. ("Wells Fargo") employed Steven Abelman ("Plaintiff") as a Private Mortgage Banker from September 30, 2010 through April 24, 2012. (Compl. ¶¶ 6-7.) During Plaintiff's employment, Wells Fargo agreed to pay him commissions pursuant to the Wells Fargo Home Mortgage 2011 Incentive Compensation Plan for Private Mortgage Bankers ("Compensation Plan"). (Compl. ¶ 8.) Under the Compensation Plan, Wells Fargo was to credit him for commissions on the last day of the month in which each of his loans funded. (Compl. ¶ 11.) Wells Fargo would then pay him the commissions on the last pay date of the month following the month in which the commissions were credited. (Compl. ¶ 11A.)

When Plaintiff's employment with Wells Fargo ended, he was working on thirty-seven loan applications that had not yet closed, and he alleges that these loan applications closed after he left Wells Fargo's employment. (Compl. ¶¶ 12, 14.) Plaintiff pleads that he had "performed all, or virtually all, of the tasks required of a Private Mortgage Banker in order to bring these loans at issue to close." (Compl. ¶ 13.) On this basis, Plaintiff asserts that he had earned his commissions on the thirty-seven loans. (Compl. ¶ 13.) However, Wells Fargo has not paid commissions to Plaintiff on any of these loans. (Compl. ¶ 15.)

Plaintiff filed this action in the Circuit Court for Montgomery County on January 17, 2013, alleging that Wells Fargo breached its contract by failing to pay him commissions for loans that closed after he left Wells Fargo's employment and that the MWPCL prohibits any terms in the Compensation Plan that serve as a forfeiture of earned wages. Wells Fargo removed the action to this Court based on diversity jurisdiction on March 4, 2013.

On March 7, 2013, Wells Fargo moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In its Motion to Dismiss, Wells Fargo avers that, under the Compensation Plan, it has no obligation to pay commissions to Plaintiff for any of the loans in question because Plaintiff's employment ended before the loans at issue closed and, therefore, he could not have completed all of his obligations with respect to those loans. (Def.'s Mot. to Dismiss 3, 5.) Wells Fargo further argues the requirement that, in order for the Plaintiff to receive commissions he be employed by Wells Fargo on the date the loans closed, is valid under the MWPCL. (Def.'s Mot. to Dismiss 6.)

## II.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The

court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

A court may only grant a motion to dismiss if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

In reviewing a motion to dismiss, courts may consider documents attached or incorporated by reference into the complaint. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Tech. Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 920 (D. Md. 2008).

## III.     Analysis

The parties do not dispute that the Compensation Plan governs Plaintiff's entitlement to the commissions he seeks in this lawsuit.[1] The Compensation Plan provides:

> Provided Employee satisfies all conditions and minimum requirements as set forth in the Plan, and subject to all Plan terms, commission credit will be granted on the last day off for the month

---

[1] The Compensation Plan was referenced in the Complaint and provided to the Court as Exhibit 1 to the Defendant's Motion to Dismiss.

> in which the loan actually funds (i.e., disbursement of funds to the closing/settlement agent). . . .
>
> . . . .
>
> . . . To earn commissions, bonuses, or other incentives under this Plan, the Employee must be actively employed by Wells Fargo through the date commission credit is granted and through the end of the applicable performance period, unless otherwise expressly provided in this Plan or required by applicable law. This is an express condition of earning incentives under this Plan, it being one purpose of this Plan to provide an incentive to the Employee to remain in employment with Employer. This condition also recognizes the Employee's ongoing job responsibilities with respect to the closing of loans on which the Employee may be eligible to receive commissions/incentives. . . .

(Def.'s Mot. to Dismiss Ex. 1 (Compensation Plan 2, 9).)

The Compensation Plan thus conditions payment of commissions on employment with Wells Fargo on "the date commission credit is granted and through the end of the applicable performance period, unless otherwise expressly provided in this Plan or required by applicable law." (Def.'s Mot. to Dismiss Ex. 1 (Compensation Plan 9).) Wells Fargo interprets this term to mean that Plaintiff had to remain employed through the loan's closing to earn a commission.[2] (*See* Def.'s Mot. to Dismiss 5; *see also* Def.'s Reply 3.) Plaintiff, in turn, argues that he is entitled to commissions under the contract and Maryland law because he "performed all or substantially all of the work necessary" to close the loans at issue. (Pl.'s Opp'n 5; *accord* Compl. ¶ 13.)

---

[2] The contract language actually conditions commissions on employment "through the date commission credit is granted and through the end of the applicable performance period, unless otherwise expressly provided in this Plan or required by applicable law." (Def.'s Mot. to Dismiss Ex. 1 (Compensation Plan 9).) The MWPCL voids any contract term that conditions payment on employment through an arbitrary date rather than on completion of the job in question. *See Medex v. McCabe*, 372 Md. 28, 39-41 (2002). In its Motion to Dismiss, Wells Fargo's argument appears to be limited to whether the Plaintiff needed to remain employed through the loan closing, rather than through the end of the applicable performance period.

Under § 3-505 of the MWPCL, employers must pay employees "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." § 3-505. The law defines "wages" as "all compensation that is due to an employee for employment." *Medex v. McCabe*, 372 Md. 28, 35 (Md. App. 2002) (citing § 3-501(c)). "Commissions are clearly within the scope of the Act, and a cause may arise under the Act for an employer's failure to pay commissions earned during employment yet not payable until after resignation." *Id.*

Thus, the MWPCL requires an employer to pay commissions to a former employee if the employee has done everything required to earn that commission before his or her termination. *Id.* at 41; *cf Stevenson v. Branch Banking & Trust Corp.*, 159 Md. App. 620, 635, 646-47 (2004) (finding severance pay not to be wages earned prior to termination for purposes of MWPCL). A court will not give force to any contract term that deprives an employee of commissions in violation of the MWPCL, for example by conditioning payment on employment through the date the employer pays the commission rather than on the employee's completion of all legitimate job functions necessary to earn the commission. *See Medex*, 372 Md. at 39-41; *Hoffeld v. Shepherd Elec. Co*, 176 Md. App. 183, 201-02 (2007).

Wells Fargo argues that its interpretation of the Compensation Plan is valid under the MWPCL because the requirement that a loan officer remain employed through a loan's closing merely recognizes the "ongoing job responsibilities with respect to the closing of loans on which the Employee may be eligible to receive commissions/incentives." (Def.'s Mot. to Dismiss Ex. 1 (Compensation Plan 9).) Wells Fargo argues that Plaintiff is not entitled to commissions on the loans in question because his employment ended before any of the loans closed and therefore he

could not have satisfied the job responsibilities related to their closings.  (*See* Def.'s Mot. to Dismiss 5.)

To support its argument, Wells Fargo cites two cases in which the Maryland District Court concluded that an employee was not entitled to commissions under the MWPCL.  In *McLaughlin v. Murphy*, the court held that a mortgage broker was not entitled to commissions on loans that he worked on before his employer terminated his employment because he "did not do everything required of him under the contract with respect to the three loans at issue."  372 F. Supp. 2d 465, 474 (D. Md. 2004).  In *Hoffeld*, the court concluded that a sales representative had not earned commissions on orders that had not yet shipped because the representative was responsible for "servicing both the customer and its individual purchase orders through the shipment date."  176 Md. App. at 207.

In both cases, however, the court based its decision on detailed evidence addressing the responsibilities that the employee had failed to complete prior to termination.  In *McLaughlin*, the evidence indicated that other employees had to rework two of the loans in question and that a third had not closed as of the time of the proceeding.  372 F. Supp. 2d at 474.  In *Hoffeld*, the evidence demonstrated that the employer terminated the sales representative before he could complete significant customer service responsibilities between the time he took certain orders and the dates they shipped.  176 Md. App. at 204-07.  While these cases demonstrate that Wells Fargo may be justified in its legal position that Plaintiff did not earn the claimed commissions if he failed to complete certain job responsibilities before he left Wells Fargo's employment, they do not answer the factual question of whether such job responsibilities existed and remained uncompleted.

This court's decision in *Rogers v. Savings First Mortgage, LLC* is instructive in this regard.  362 F. Supp. 2d 624 (D. Md. 2005).  In *Rogers*, former loan officers for a residential mortgage company sued to collect unpaid commissions on loans that closed after their termination.  *Id.* at 627.  The employer relied on *McLaughlin* to argue that the employees were not entitled to commissions because they were not employed at the time of the loan closings.  *Id.* at 643.  The court denied summary judgment to the employer, observing that the decision would depend on findings of fact on which the record was yet unclear.  *Id.* at 645-46.

> Although Plaintiffs admit that some additional work is often required on pending loans right up until the time of closing, it is unclear how substantial that work truly is for each of the different loans at issue here. . . . For those loans where no additional work was done, the relevant considerations are the same as those in *Medex*: compensation . . . is being linked to the arbitrary factor of employment on a particular date. . . .
>
> > . . . .
>
> In light of the evidence in the record, the Court cannot conclude that Defendants' bright line rule denying all Plaintiffs their terminal commissions is reasonable.  It may well be that there were some loans, like the loans in *McLaughlin*, where another loan officer had to take over after a Plaintiff left [the employer], had to do substantial work, and was paid the commission for that work. Defendants have not provided examples, however, of such a situation.

*Id.*; *see also Admiral Mortg., Inc. v. Cooper*, 357 Md. 533, 537 (2000) (involving jury award of commissions to employee who had completed responsibilities for developing loans before he quit, where another team was responsible for processing and closing loans).

The pleadings and the attachments thereto do not sufficiently address what, if any, responsibilities Plaintiff failed to fulfill before the loans could close.  The Compensation Plan does not specify Plaintiff's job responsibilities through closing, and Wells Fargo's attempt to demonstrate Plaintiff's remaining responsibilities depends on evidence that did not form part of

the complaint, the attachments thereto, and the documents referenced within the complaint.  *See Phillips*, 190 F.3d at 618; *Tech. Patents*, 573 F. Supp. 2d at 920.

Indeed, Plaintiff pleads that he had in fact "performed all, or virtually all, of the tasks required . . . to bring the loans at issue to close."  (Compl. ¶ 13.)  Construing the assertions in the Complaint in the light most favorable to Plaintiff, Plaintiff could plausibly prove facts that would support this scenario.

Defendant has not met its burden of showing that Plaintiff cannot prove facts that would entitle him to recover commissions under the Compensation Plan and the MWPCL on all or some of the thirty-seven loans at issue.

## IV.    Conclusion

For the foregoing reasons, the court **DENIES** Wells Fargo's motion to dismiss.  (ECF No. 10.)


s/ Mark A. Barnett                           
**Mark A. Barnett**
**Judge**
**United States Court of International Trade**
**September 30, 2013**                                        (sitting by designation)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STEVEN ABELMAN** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **MAB 8:13-00669** |
| | * | |
| **WELLS FARGO BANK, N.A.** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

In accordance with the Court's Memorandum Opinion of this date, and for the reasons stated therein, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED.


s/ Mark A. Barnett
**Mark A. Barnett**
**Judge**
**United States Court of International Trade**
(sitting by designation)


**September 30, 2013**